Todd, J.,
after stating the ease, delivered the opinion of the court, as follows In the written arguments submitted by the parties, it is admitted by the coxxnsel for the appellants, that the evidence exhibited,'does xxot support the allegation in the bill, that the assignment was made during the minority of Mary Frazex*. This admission rendex-s it unnecessary for the coxxrt to go into a minute examinatioxx of the evidence ; it will be sufficient to observe, that the testimony is clear and satisfactoiy on this point; and therefore, there is no pretence for sotting aside the contract and decreeing a reconveyance of the land. But it is contended, that the complainants are entitled *to relief in some shape, for the surplus laxxd contained r*Sg0 within the survey ; either by a decree for the reconveyance of the surplus land ; by a pecuniary compensation for it, according to its present *241 value ; or by a pecuniary compensation, according to the price at which the land was sold, on which interest should be allowed.
This argument assumes for its basis, that there existed a mistake as to the thing sold. If there was a mistake, how did it originate, and who is injured thereby? Was there a mistake? It may be inquired, to what quantity of land Avas Mary Frazer entitled, by virtue of the governor’s warrant, issued in pursuance of the royal proclamation ? To two thousand acres. How much did she sell and receive payment for ? Two thousand acres. It would appear from this, that she had sold and received payment for as much land as she was entitled to. How comes it, that this surplus Avas included in the survey ? From the fraud, design, ignorance or negligence of the surveyor. Who is defrauded or injured thereby ? The commomvealth of Virginia, and not Mary Frazer. For what, is it asked, that compensation shall be made ? For land which, by the fraud, design, ignorance or negligence of the surveyor, Mary Frazer might by possibility have been entitled to. Was the sale of this survey of a specific quantity, at a certain price per acre ? or Avas it a sale of a specific tract ? The bill alleges it was of the first description ; the answers deny it, and say it was of the latter. There is no proof to support the allegation in the bill, unless from the survey, a poAver of attorney, and the receipt for the purchase-money, it should be inferred, that as they relate to 2000 acres of land, only that quantity was intended to be included in the sale. But this proof is conceived to furnish a very opposite conclusion, the description and designation of the tract of land sold, not as part of a tract, but an entire tract. The answers, being supported by the assignment, that it was a sale of the whole survey, and being also responsive to an allegation as well as to an interrogatory in the bill, must be taken as true and conclusive; When an assignment is made of a plat and certificate of survey, the purchaser takes it subject to the risk of its containing a less quantity than is expressed on its face, and should it contain more he is entitled to it.
In the case of Young v. Craig, *decided by the court of appeals of Kentucky (a copy of which hás been furnished and relied on by each party), the court say, “ there was, particularly in the sales made at an early period of this country, great liberty of admeasurement, frequently allowed by the seller and expected by the purchaser. Where this Avas the case, to authorize a conclusion, from the surplus contained in the boundaries of a tract, that there was a mistake of quantity, the surplus ought to be greater than was usual in conveyances made about the same period.” Noav, it appears from a statement in the bill, as well as from the general history of the country, that it was usual and customary to make considerable allowance in military surveys ; and it is not shown, that the surplus in this is greater than in other surveys made about the same time. Again, in the same case, the court proceed, “ it would be obAdously improper and unjust, to lay down any general rule as to the rate of surplus that would justify an inference of mistake, which would deserve correction ; each case must depend upon its own particular circumstances ; whether such an inference would be authorized in the present case, were the sale in question per acre and not in gross, need not be determined, since we are of opinion, it is of the latter description.” If this reasoning be correct, as to conveyances, it will apply with redoubled force to assignments of plats and certi *242 ficates of survey, where the purchaser takes it subject to the risk of its containing less than it specifies.
Mary Frazer or the complainants can be considered in no other view, than mere volunteers maid fide, and of course, not entitled to the aid of a court of equity. It seems, as a necessary consequence, if the claimants are not entitled to the surplus land, they are not to compensation in either of the other modes contended for. Where there is no right, there can be no claim to compensation sustained.
Decree affirmed, with costs.